**68817-75-61**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORDSTROM CONSULTING, INC.; ) <br> STEVEN NORDSTROM ) <br> ) <br>     Plaintiffs, ) <br> v. ) <br> ) <br> INNOVA SYSTEMS, INC.; an Illinois Corporation; ) <br> CHERYL NORDSTROM, individually, ) <br> ) <br>     Defendants. ) | No. 18-0311 |

**MOTION TO STAY**
**STATE COURT PROCEEDINGS**

Now comes Plaintiffs, NORDSTROM CONSULTING, INC. and STEVEN NORDSTROM, by and through its attorneys, McKenna Storer and for its Motion to Stay, states as follows:

1. On April 27, 2018, the Plaintiffs filed the above-captioned case seeking damages and injunctive relief for Copyright Infringement under the Copyright Act, 17 U.S.C. § 501, violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, the Lanham Act, 15 U.S.C. § 1125, and the Leahy-Smith America Invents Act, 35 U.S.C § 256. (Dkt 1)

2. On July 2, 2018, the Defendants filed a Counterclaims seeking relief under a theory of fraud in the United States Patent and Trademark Office pursuant to 18 U.S.C. §1001, Illinois Trade Secrets Act, 765 ILCS §1065/2, Copyright Act of 1976, 17 U.S.C. §501, Digital Millennium Copyright Act, 17 U.S.C. §1201, Lanham Act, 15 U.S.C. §1125, Illinois Trademark Registration and Protection Act, 765 ILCS § 1036/80, and common law actions for alleged violations of Plaintiff Cheryl Nordstrom's exclusive license. (Dkt 18)

3. Thereafter, on July 9, 2018, Defendant Cheryl Nordstrom filed a Petition for a Temporary Restraining Order and Preliminary Injunction before the Circuit Court for the 19th Judicial District, DuPage County ("Petition for Injunctive relief"), before the judge that had presided over the individual parties' divorce. A copy of the Judgment for Dissolution of Marriage entered

1

on September 20, 2013 was attached to the Complaint. (Dkt 1, Ex. D)The Petition for Injunctive Relief is directed against Steven Nordstrom and Nordstrom Consulting, Inc. for filing "a Complaint against Innova Systems, Inc. and Cheryl Nordstrom in the United States District Court for the Northern District of Illinois, Eastern Division, containing five(5) counts involving copyrights and patents" and seeks to enjoin them "from in any manner in litigating or filing matters relating to this action in different venues or forums as this Court retains jurisdiction in this matter, including matters involving Norstrom [sic] Consulting, Inc. and Innova Systems, Inc." (Exhibit A)

4. The Plaintiffs filed a Motion in Opposition to the Temporary Restraining Order/Preliminary Injunction, Motion to Dismiss the Temporary Restraining Order/Preliminary Injunction, or, in the alternative, a Motion to Stay the Petition pending this Court's resolution ("Motion in Opposition to Injunctive Relief"), which is incorporated herein. (Exhibit B) The Plaintiffs asserts therein that the Petition should not be granted because the District Court has exclusive jurisdiction over all claims Pursuant to 28 U.S.C. § 1338(a).

5. The Motion in Opposition to Injunctive Relief is set to be heard on July 24, 2018, the outcome of which may moot this Motion.

**A. District Court Has Exclusive Jurisdiction.**

6. The district courts have exclusive jurisdiction over any civil action arising under any Act of Congress relating to patents, copyrights, and trademarks:

> (a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights. […]
>
> (b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.

28 USC § 1338 See also 17 U.S.C. 201(e) and 17 U.S.C. 301, which also provide for exclusive jurisdiction

7. Federal court is the only forum that can provide a remedy for the alleged violations, including the misappropriation and misrepresentation of a copyright and direct the U.S. Patent and Trademark Office to issue a certificate of correction naming Steven Nordstrom as an inventor for the two patents at issue.

8. Innova and Cheryl are not being sued for breach of the Judgment of Dissolution of Marriage; they are being sued for infringing on Steven and Nordstrom Consulting's Copyright Interest by changing the Copyright notice so it falsely appears that Innova is the owner of the copyright, making false statements in advertising, and making false statements on Patent applications.

9. Accordingly, pursuant to 28 USC § 1338, the Temporary Restraining Order and Preliminary Injunction should be stayed for lack of the Circuit Court's jurisdiction.

**B. This Court Should Stay the Proceedings In Order To Permit Parties to Address The Issue of Whether the Circuit Court Case Should Be Dismissed.**

10. "A court has jurisdiction to determine its own jurisdiction..." *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 60 S. Ct. 44, 84 L. Ed. 85; *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 403, 60 S. Ct. 907, 84 L. Ed. 1263; *Stoll v. Gottlieb*, 305 U.S. 165, 59 S. Ct. 134, 83 L. Ed. 104; *United States v. United Mine Workers*, 330 U.S. 258, 292, 67 S. Ct. 677, 695, 91 L. Ed. 884, 912, 1947 U.S. LEXIS 2954, *58, 12 Lab. Cas. (CCH) P51,239, 19 L.R.R.M. 2346.

11. Federal courts possess a "virtually unflagging obligation" to exercise their jurisdiction. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976); *Caminiti and Iatarola, Ltd v. Behnke Warehousing*, Inc., 962 F.2d 698 (7th Cir. 1992). Notwithstanding this obligation, a court may abstain from exercising its jurisdiction in certain, narrowly construed circumstances. According to the Supreme Court,

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of

> the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.

*Id.*; *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S. Ct. 2206, 2215 (1992).

12. The party requesting that the court abstain from exercising its jurisdiction has a heavy burden to fulfill due to the court's obligation to exercise its jurisdiction. *See Illinois Public Interest Res. Group v. PMC, Inc.,* 835 F. Supp. 1070, 1077 (N.D. Ill. 1993); *Seay v. Dodge*, 1995 U.S. Dist. LEXIS 13628, *20-21, 1995 WL 557361. The Supreme Court has identified four categories in which abstention may be appropriate: (1) in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law; (2) where a case presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar ("*Burford* Doctrine"); (3) where federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings; and (4) where there are parallel state-court proceedings. *Colorado River*, 424 U.S. at 818. Only the second and fourth are remotely applicable.

13. The second category is commonly referred to as the "*Burford* doctrine." See *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361, 109 S. Ct. 2506, 2514, 105 L. Ed. 2d 298 (1989); see also *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). This doctrine provides that:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'; or (2) where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'

14. There are two essential elements of the *Burford* abstention. See *Property & Cas. Ins. Ltd. v. Central Nat'l Ins. Co. of Omaha*, 936 F.2d 319, 323 (7th Cir. 1991). First, the state must offer some forum in which claims may be litigated; and second, "that forum must be special -- it must stand in a special relationship of technical oversight or concentrated review to the

evaluation of those claims." *Id.* The existence of the specialized forum is a prerequisite for the second type of Buford abstention. *Id.*

15. Here, the Plaintiff's Complaint may only be brought before the District Court--- state courts are expressly preempted from determining federal law claims raising copyright and patent issues. 28 U.S.C. § 1338. The state court already rendered a determination with respect to the distribution of marital property; the distribution is not at issue in this matter. At issue now is whether the Defendants actions are in violation of the Copyright Act, 17 U.S.C. § 501, violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, the Lanham Act, 15 U.S.C. § 1125, and the Leahy-Smith America Invents Act, 35 U.S.C § 256. The state court does not have any authority to rule on these matters. See 28 U.S.C. § 1338.

16. The fourth category, parallel proceedings, also does not provide a basis to decline federal review. The circumstances in which a court may abstain due to a parallel state-court proceedings are "considerably more limited" than the circumstances appropriate for abstention under one of the other three general categories. *See Colorado River*, 424 U.S. at 818, 103 S. Ct. at 936. The court's first task is to determine whether the concurrent state and federal actions are actually parallel. Actions are "parallel" when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Id.* Once the court has determined that the actions are parallel, it must then consider the following ten (10) factors to determine whether it should refrain from exercising its jurisdiction: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Behnke Warehousing, Inc.*, 962 F.2d at 701.

5

The weight given to any one factor may vary from case to case, depending on the particular setting of the case*." Moses H. Cone Memorial Hosp.*, 460 U.S. at 16, 103 S. Ct. at 937.

17. Abstention is not warranted under this doctrine because there is no parallel state court proceeding. While the divorce court retained jurisdiction for the "purpose of enforcing the terms of this judgment", this matter does not involve enforcing the terms of the judgment.

18. Aside from the Petition for Injunctive Relief just filed by the Defendants to enjoin this action, there is nothing currently pending before a state court. Moreover, there can be no parallel proceeding because the State Court does not have jurisdiction over the federal claims raised by the Plaintiffs.

19. Even if arguably parallel, the factors weigh heavily on Steven and Nordstrom Consulting's side. Both parties have filed pleadings that can only be addressed by the District Court.

20. This Court should stay the Circuit Court proceeding until such time as this Court is able to review the scope of its jurisdiction in this matter. There is an absolute risk of harm occurring to Plaintiffs if the state court issues a temporary restraining order and/or preliminary injunction against them.

21. Plaintiff's only means to protect its Copyright and Patent interests are through the exclusivity provisions of the federal law. Pursuant to 28 U.S.C. § 1338(a), district courts have exclusive jurisdiction over any civil action arising under any Act of Congress relating to patents and copyrights. Respondents cannot bring their claims into the State Court because the State Court does not have jurisdiction to determine issues of violations of federal law, including false advertising under federal law, copyright infringement or remedy fraudulent patent applications. 28 U.S.C. § 1338.

22. Moreover, this Court has ordered Steve and Nordstrom Consulting to engage in the Mandatory Discovery Pilot Program, which provides for exacting dates when certain answers to pleadings and answers to mandatory disclosures are due. Those dates all occur within the

next two months. To the extent that the injunctive relief is granted by the Circuit Court, the Circuit Court's order will affect Steven Nordstrom and Nordstrom Consulting's abilities to respond to this Court's orders without facing contempt.

     Wherefore, Plaintiffs, Steven Nordstrom and Nordstrom Consulting, Inc., respectfully request that this Court grant its Motion to Stay, permit the parties to fully brief the issue of whether this Court has exclusive jurisdiction to hear this case and to determine whether a dismissal of the injunctive relief sought before the Circuit Court should be dismissed and/or for whatever relief these Plaintiffs are entitled.

Respectfully submitted,

By: /s/ Kristin Tauras
One of the Attorneys for
Plaintiffs, Nordstrom Consulting, Inc.
And Steven Nordstrom

Sara Cook – ARDC # 3126995
scook@mckenna-law.com
Kristin Tauras – ARDC # 6216004
ktauras@mckenna-law.com
James Cook – ARDC# 6325582
jcook@mckenna-law.com
McKenna Storer
1004 Courtaulds Drive #A
Woodstock, IL 60098
815-334-9690\Fax: 815-334-9697

Stephen T. Scherrer – ARDC # 6256633
stephen@scherrerpatentlaw.com
Scherrer Patent & Trademark Law, P.C.
17 E. Crystal Lake Avenue
Crystal Lake, IL 60014
815-455-5685

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2018, I electronically filed the foregoing with the Clerk of the U.S. District Court, for the Northern District of Illinois, Eastern Division, using the CM/CEF e-filing system which will send notification of such filing to the following e-mail address:

Lead Counsel:
Barry@BarryRLaw.com
Barry M. Rosenbloom
ARDC # 3122762
Barry M. Rosenbloom, Ltd.
1411 McHenry Road, Suite 125
Buffalo Grove, IL 60089
Phone: 847-383-6126, Ext. 10
Fax: 847-383-6267

Additional Counsel:
ESimpson@idealawyers.com
Ellen Simpson (*pro hac vice* motion pending*)*
Simpson & Simpson, PLLC
5555 Main Street
Buffalo, New York 14221
Phone: 716-626-1564
Fax: 716-626-0366


By:   /s/ Sara  E Cook
      /s/ Kristin D. Tauras

Sara E. Cook
Scook@mckenna-law.com
Kristin D. Tauras
KTauras@mckenna-law.com
McKenna Storer
33 North LaSalle Suite 1400
Chicago, Illinois  60602
(312) 558-3900