**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NORDSTROM CONSULTING, INC. and STEVEN NORDSTROM, <br><br> Plaintiffs, <br><br> v. <br><br> INNOVA SYSTEMS, INC. and CHERYL NORDSTROM, <br><br> Defendants. | No. 18-cv-03011 <br> Judge Franklin U. Valderrama |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs/Counter-Defendants Nordstrom Consulting Inc. and Steven Nordstrom (collectively, "Plaintiffs") filed this action against Defendants/Counter-Plaintiffs Innova Systems, Inc. and Cheryl Nordstrom (collectively, "Defendants"), who filed counterclaims against all Plaintiffs. R. 69, Am. Compl.; R. 18, Counterclaim; R. 59, Am. Counterclaim. The Complaint and Counterclaim all relate to the use and ownership of copyright, inventorship, trademarks, and trade secrets associated with software-related visions testing products. Currently before the Court are Defendants' Motion for Leave to Amend their Counterclaim, adding Count XI[1], and Plaintiffs'

---

[1] Defendants' Motion for Leave to Amend their Counterclaim states only that Defendants seek to add one count, Count XI: Direct Infringement Pursuant to 35 U.S.C. § 271(a), to their Counterclaim. R. 88, Defs.' Mot. Leave at 1; R. 88-1, Proposed Second Am. Counterclaim at 4. However, Defendants' Proposed Second Amended Counterclaim, attached to Defendants' Motion, adds two counts, Counts XI and "XII - Indirect Infringement Pursuant to 35 U.S.C. § 271(b)." Proposed Second Am. Counterclaim at 4, 6. Because Plaintiffs do not oppose the addition of Count XII based on Defendants' failure to name it in their Motion for Leave to Amend, and because Count XII is based on substantially the same facts as Count XI, the

Motion to Strike Defendants' Motion to Amend their Counterclaim, which the Court construes as Plaintiffs' Response to Defendants' Motion.[2] R. 88, Defs.' Mot. Leave; R. 89, Pls.' Resp. For the reasons stated herein, the Court denies Defendants' Motion for Leave to Amend their Counterclaim without prejudice.

## Background

This case involves a complicated procedural history, with the filing of claims, amended claims, counterclaims, and amended counterclaims all relating to alleged violations of copyrights, trademarks, and patents stemming from visions testing products software. On April 27, 2018, Plaintiffs filed their Complaint, alleging copyright and trademark infringement claims, and requesting that the Court order the U.S. Patent and Trademark Office to issue a certificate of correction naming Plaintiff Steven Nordstrom as the inventor of two patents, including Patent No. 9,883,794 (794 Patent). Compl. at 7–13. Defendants filed their Answer and Counterclaim on July 2, 2018, alleging counterclaims for copyright and trademark infringement, unfair competition, fraud, and violations of the Illinois Trade Secrets Act and Innova's Exclusive License. Counterclaim at 12–30. On June 27, 2019,

---

Court will evaluate whether to allow Defendants to add both counts to their Proposed Second Amended Counterclaim.

[2]The Court therefore also construes Defendants' Response to Plaintiffs' Motion to Strike as a Reply in Support of Defendants' Motion for Leave to Amend. R. 92, Defs.' Reply. *See, e.g.*, *Narvaez v. Wilmers*, 2015 WL 1396477, at *3 n.3 (N.D. Ill. Mar. 24, 2015) (construing plaintiff's motion to strike defendants' motion to dismiss as a response to the dismissal motion); *Herrera v. Landers*, 2012 WL 5936467, at *2 (N.D. Ill. Nov. 27, 2012) (construing plaintiff's motion to strike a portion of defendants' reply in support of the motion to dismiss as a sur-response).

Defendants were granted leave to file,[3] R. 58, and filed an Amended Counterclaim, which sought, among other relief subsequently stricken from the Amended Counterclaim, a declaratory judgment that Plaintiff Steven Nordstrom is not an inventor of the two patents, including the 794 Patent, Am. Counterclaim at 1-3. A month later, on July 25, 2019, the Court entered an order requiring any motions for leave to amend pleadings be filed by August 15, 2019. R. 66. Defendants did not file any motion to amend the pleadings on or before the deadline set out in the Court's order. On the other hand, on August 15, 2019, Plaintiffs filed a motion for, and were granted, leave to amend the complaint to add two additional counts seeking to invalidate the patents at issue, including Patent No. 794. R. 67, 68. More than nine months after the Court's deadline to file amended pleadings, on May 28, 2020, Defendants filed a Motion for Leave to Amend their Counterclaims. Defs.' Mot. Leave. Defendants seek leave to add two counterclaims for direct and indirect infringement of the 794 Patent. R. 88-1, Proposed Second Am. Counterclaim.

Defendants contend that allowing the amendment would be in the best interest of justice. Defs,' Mot. for Leave at 1. Plaintiffs oppose the motion, arguing that it is untimely and fails to identify what additional information Defendants have discovered or when that information was discovered. Pls.' Resp. at 3–4. Only in their reply brief do Defendants state that they discovered much of Plaintiffs' infringing conduct "in 2020 … as a result of proceedings in the State Court post-decree proceedings … as well as through other [unidentified] sources." Defs.' Reply at 1. Both

---

[3]This case was previously assigned to Judge Wood and was reassigned to this Court on September 28, 2020. R. 93.

parties invoke Federal Rule of Civil Procedure 15 to argue whether the Court should allow Defendants to amend their Counterclaim, but as discussed below, because Judge Wood entered a scheduling order, Rule 16's more stringent "good-cause standard" applies to Defendants' Motion for Leave to Amend.[4] Defendants fail to satisfy the "good-cause standard" under Rule 16(b).

## Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." The rule takes a liberal approach to allowing amendments. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). But Rule 16(b)(4) is more demanding, and states that a scheduling order "may be modified only for good cause." Although delay alone is rarely a sufficient reason to deny leave to amend under Rule 15(a)(2), *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) (citing *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004)), "the primary consideration for district courts [under Rule 16(b)(4)] is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon,* 651 F.3d 715, 720 (7th Cir. 2011) (citing *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)).

---

[4] Because both parties failed to cite to the right standard, Defendants' motion is denied without prejudice. Any subsequent motions for leave to amend the pleadings must explain why the movant satisfies Rule 16(b)'s good-cause standard.

4

**Discussion**

The Seventh Circuit has held that, "when a motion for leave to amend is filed after the deadline for amending the pleadings as elapsed … the district court 'is entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requires of Rule 15(a)(2) were satisfied.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (quoting *Alioto,* 651 F.3d at 719). Here, on July 25, 2019 Judge Wood ordered that "any motions for leave to amend pleadings shall be filed by [August 15, 2019]." R. 66. Defendants did not file an amended counterclaim by August 15, 2019, nor did they file a motion seeking to extend the deadline in Judge Wood's July 25, 2019 order. In fact, just ten days before filing their Motion for Leave to Amend, on May 18, 2020, the parties filed a Joint Status Report in which they informed the Court that there were no pending motions, nor any issues warranting discussion via a telephonic hearing with Judge Wood. R. 86 at 2. Defendants' May 28, 2020 Motion for Leave to Amend their Counterclaims was filed more than nine months after the court-ordered deadline to amend a pleading, so Rule 16(b), not 15(a) applies. Only "[i]f good cause can be established under Rule 16(b), [then] Rule 15(a) is then applied." *Vitelo v. Brazzaz, LLC*, 2010 WL 3273898, at *2 (N.D. Ill. Aug. 16, 2010) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)).

Defendants' Motion for Leave and Reply in support contain very little information about why it would be in the interests of justice—not to say why there is good cause to—allow them to add two counts to their Counterclaim. They summarily

5

argue that they became aware of "much of" Plaintiffs' infringement of the 794 Patent in 2020. Defs.' Reply at 1. But Defendants' Proposed Second Amended Counterclaim states that Plaintiffs have been infringing the 794 Patent since at least April 27, 2018. R. 88-1, Proposed Second Am. Counterclaim ¶ 7. And Defendants' Amended Counterclaim filed on June 27, 2019 requested declaratory relief that Plaintiff Steven Nordstrom did not contribute to the 794 Patent. Am. Counterclaim. Although this request for declaratory relief does not in itself prove that Defendants knew of any infringing behavior by Plaintiffs, it indicates that Defendants were suspicious of Steven Nordstrom's claims of ownership of the 794 Patent, which would logically lead to suspicions of infringement. The Seventh Circuit has affirmed denial of a motion to amend a pleading where the moving party "was, or should have been aware" of the "facts underlying" the claim based on suspicions regarding those underlying facts prior to the deadline set in the scheduling order. *Trustmark*, 424 F.3d at 553. Defendants do not to explain why their failure to investigate Plaintiffs' potential infringement of the 794 Patent simultaneously when filing a declaratory judgment related to that Patent does not equal a failure of diligence that defeats a showing of good cause under Rule 16(b).

What's more, Defendants' Reply indicates that they knew of at least some of Plaintiffs' infringing behavior before 2020, meaning that they waited at least five months after learning of such infringement to seek leave to amend their Counterclaim to add infringement claims. Courts have held that even if a party does not possess the relevant information before the amendment deadline, a party who

6

sits on that information for months "before seeking leave to amend lacks diligence to establish good cause." *Downing v. Abbott Labs.*, 2017 WL 4535973, at *4 (N.D. Ill. Oct. 11, 2017) (denying leave to amend complaint where plaintiff waited ten months to move to amend after receiving the information); *Vitelo*, 2010 WL 3273898, at *3 (plaintiff failed to show good cause where he waited more than six months to amend after receiving relevant information); *c.f. Triteq Lock & Sec. LLC*, 2011 WL 3203303, at *2 (good cause shown where plaintiffs first learned of facts related to new claim through discovery received after the deadline and moved for leave to amend in one month).

Defendants point only to COVID-19 as a reason for their delay, arguing that the "pandemic has caused delays and needed extensions in virtually every Court system in this Country." Reply at 2. True, the pandemic caused litigation delays, especially in March and April 2020. But this excuse falls flat here for several reasons. First, the August 15, 2020 deadline to amend was long past by the time the pandemic began causing delays in March 2020. Second, as discussed above, Defendants fail to explain why they were not, and should not, have been aware of Plaintiffs' course of infringing conduct ay any time from its start in April 2018 until the pandemic hit, despite likely suspicions by at least June 2019. Third, Defendants' Reply indicates that they did in fact possess some information relating to Plaintiffs' infringement before 2020, meaning that had *at least* two months to file their Motion for Leave to Amend before the pandemic. Finally, Defendants fail to explain how the pandemic affected their ability to file their Motion for Leave to Amend between mid-March 2020

7

and May 28, 2020. Defendants cannot use the pandemic generally as a shield to hide their failure to act diligently.

Defendants argue that Plaintiffs would not be prejudiced by the addition of the new claims, because the parties have not yet engaged in oral discovery. But Rule 16's "good-cause standard focuses on the diligence of the party seeking amendment, not the prejudice to the nonmoving party." *Peters v. Wal-Mart Stores E., LP*, 512 F. App'x 622, 627–28 (7th Cir. 2013) (citing *Alioto,* 651 F.3d at 720; *Trustmark,* 424 F.3d at 553). And as discussed above, Defendants have failed to establish that they were diligent such that they established good cause for leave to amend.

## Conclusion

For the reasons stated above, the Court denies Defendants' Motion for Leave to Amend their Counterclaim without prejudice. Plaintiffs' Motion to Strike Defendants' Motion to Amend is denied insofar as the Court construes it as Plaintiffs' response to Defendants' Motion for Leave to Amend. Any subsequent motions for leave to amend the pleadings must be filed by December 4, 2020 and explain why the movant meets Rule 16(b)'s good-cause standard.

Date: November 6, 2020

_____
United States District Judge
Franklin U. Valderrama