**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NORDSTROM CONSULTING, INC.,** | ) | |
| **STEVEN NORDSTROM,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 18 C 3011** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **INNOVA SYSTEMS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs have moved under seal to stay discovery and/or amend the discovery Order.

[121]. The motion asks that the reasons for the requested extension be maintained as confidential.

[121]. The extension that is sought would extend six months from the current discovery schedule

and would end on 7/1/22. [121]. The defendants have objected, under seal, to any extension. [122].

Although the motion is under seal, counsel for defendants have been permitted to review the

motion, but are precluded from sharing or discussing the contents of the motion with their clients.

The defendants' response explains, so far as is possible given the under seal filing, the reasons for

the objections. But it does state that the defendants do consent to a one month extension, and if that

proves to be insufficient, a further extension could be considered then. [122]. A decision to grant or

deny a motion relating to the scheduling of discovery is uniquely a matter within the exceptionally

broad discretion judges have in supervising discovery. *Cf. Crawford–El v. Britton,* 523 U.S. 574, 598

(1998); *Semien v. Life Insurance Co. of N.A.,* 436 F.3d 805, 813 (7th Cir.2006). Thus, "it is possible

for two judges, confronted with the identical record, to come to opposite conclusions and for the

appellate court to affirm both." *Mejia v. Cook Cty., Ill*., 650 F.3d 631, 635 (7th Cir. 2011). *See also*

*United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006)("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *Velez v. City of Chicago,* 2021 WL 3109657 at *2 (N.D.Ill. 2021). Judges' failures to properly monitor discovery is a source of constant criticism by reviewing courts and is deemed to be a significant source of increased costs of litigation as well as accounting for much of the abuses by plaintiffs' and defendants' lawyers, alike. *See, e.g., Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536 (11th Cir. 1993)(Roney, J., concurring); *Miller UK Ltd v. Caterpillar, Inc.*, 17 F.Supp.3d 711, 721-22 (N.D.Ill. 2014). *See also* Victor Marrero, *The Costs of Rules, The Rule of Costs*, 37 Cardozo L.Rev. 1599 (2016); Frank H. Easterbrook, *Discovery as Abuse*, 69 B.U.L.Rev. 635, 639 (1989). *Cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 411–412 (7th Cir.2010); *Continental Insurance. Co. v. Chase Manhattan Mortgage Corp.*, 59 Fed.Appx. 830, 840 (7th Cir.2003).

Thus, regardless of the claimed reasons for the indefinite stay of discovery set forth in the plaintiff's under-seal filing, the proper course to be considered would not be what, in effect, would be an indefinite stay of discovery, the duration of which would effectively be determined by the plaintiff. While that course no doubt would be acceptable to the plaintiff, it would be unfair to the defendants, and would entail no real oversight by the defendants – or the court. The defendants would, in effect, be forced to accept whatever representations were made by the plaintiffs. The same would be true of the court. That is an approach which cannot be accepted under basic principles of fairness or under basic procedures of the Federal Rules of Civil Procedure.

A possible solution to the present situation is provided in Rule 41(a) of the Federal Rules of Civil Procedure which provides:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation

of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, *the dismissal is without prejudice*, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

(Emphasis supplied).[1]

In any event, since the defendants consent to a one month extension discovery will be stayed for one month. The stay will end on 11/7/21. The plaintiff's motion for a stay of discovery [121] is denied except as provided in this Order. The matter will be revisited at a status conference to be held on 11/8/21 at 9:00 a.m.

ENTERED: _____

UNITED STATES MAGISTRATE JUDGE

**DATE:** 10/7/21

---

[1] A number of the representations in the plaintiff's motion have been made under oath. But the unilateral assertion of an oath is not a sufficient substitute for appropriate inquiry cross-examination by the opposing side against whom the affidavit is offered. Secrecy is simply not conducive to truth-telling, and the oath is not an adequate substitute for cross-examination, "the greatest legal engine for the discovery of truth ever invented." Indeed, even lawyers have been known to make representations in affidavits which were untrue. *See, e.g., FTC v. Advocate Healthcare Network*, 162 F.Supp.3d 666 (N.D.Ill. 2016); *Tellabs v. Fujitsu*, 283 F.R.D. 374 (N.D.Ill. 2012).

3