UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORDSTROM CONSULTING, INC. and STEVEN NORDSTROM, <br><br> Plaintiffs, <br><br> v. <br><br> INNOVA SYSTEMS, INC. and CHERYL NORDSTROM, <br><br> Defendants. | No. 18-cv-03011 <br> Judge Franklin U. Valderrama |

## MEMORANDUM OPINION AND ORDER

Plaintiffs/Counter-Defendants Nordstrom Consulting Inc. (NCI) and Steven Nordstrom (Steven) (collectively, Plaintiffs) filed this action against Defendants/Counter-Plaintiffs Innova Systems, Inc. (Innova) and Cheryl Nordstrom (Cheryl) (collectively, Defendants), who filed counterclaims against Plaintiffs. R. 69, Am. Compl; R. 18, Counterclaim; R. 59, Am. Counterclaim.[1] The Amended Complaint and Amended Counterclaim relate to the use and ownership of copyright, inventorship, trademarks, and trade secrets associated with software-related visions testing products. Currently before the Court is Defendants' Motion to Strike Plaintiffs' Final Invalidity and Unenforceability Contentions. R. 142, Defs.' Mot. Strike. For the reasons stated herein, the Court grants in part and denies in part Defendants' Motion to Strike.

---

[1] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

**Background**

This case involves a complicated procedural history, with the filing of claims, amended claims, counterclaims, and amended counterclaims all relating to alleged violations of copyrights, trademarks, and patents stemming from vision testing products software.

NCI is in the business of designing, developing, marketing, and licensing software and selling complete systems for vision testing. Am. Compl. ¶ 3. Steven is the president and sole owner of NCI. *Id.* ¶ 4. Innova markets, sub-licenses, and distributes software systems for vision testing developed by NCI, as well as software systems for vision testing developed by Innova. *Id.* ¶ 5; R. 73, Answer Am. Compl. ¶ 5. Cheryl is the president and sole owner of Innova. Am. Compl. ¶ 6.

On April 27, 2018, Plaintiffs filed this lawsuit against Defendants asserting copyright and trademark infringement claims, and requesting that the Court order the U.S. Patent and Trademark Office to issue a certificate of correction naming Steven as the inventor of two patents, including Patent No. 9,883,794 ('794 Patent). R. 1, Compl. at 7–13. Defendants filed their Answer and Counterclaim on July 2, 2018, bringing counterclaims for copyright and trademark infringement, unfair competition, fraud, and violations of the Illinois Trade Secrets Act and Innova's Exclusive License. Counterclaim at 12–30. On June 27, 2019, Defendants were granted leave to file, R. 58, and filed an Amended Counterclaim, which sought, among other relief subsequently stricken from the Amended Counterclaim, a declaratory judgment that Steven is not an inventor of the two patents, including the '794 Patent.

2

*See* Am. Counterclaim at 1–3. A month later, on July 25, 2019, the Court entered an order requiring that any motions for leave to amend pleadings be filed by August 15, 2019. R. 66. Defendants did not file any motion to amend the pleadings on or before the deadline set out in the Court's order. Plaintiffs, on the other hand, filed a Motion for Leave to File an Amended Complaint and Affirmative Defenses to the Amended Counterclaim on August 15, 2019, R. 67, which the Court granted, R. 68.

Defendants subsequently filed a Motion for Leave to Amend their Counterclaims under Federal Rule of Civil Procedure 15(a), R. 88, which the Court denied without prejudice. R. 97. Because both parties only addressed Defendants' request under Rule 15(a), rather than Rule 16(b), the Court allowed Defendants to file a renewed motion explaining why they meet the more stringent Rule 16(b) good-cause standard. *Id.* at 8. On December 4, 2020, Defendants filed a renewed motion for leave to amend their claims, this time under Rule 16(b). R. 98. The Court denied the motion on August 26, 2021, finding that Defendants failed to demonstrate good cause for their delay in amending their Counterclaim upon learning new and relevant information. R. 117. The Court determined that Defendants were aware of potential claims for patent infringement before the deadline to file amended pleadings. *Id.* at 4.

On May 28, 2021, Plaintiffs served their Initial Invalidity and Unenforceability Contentions (IIC). R. 144-2, Pls.' IIC. In June 2021, Defendants served their initial validity contention and response to Plaintiff's IIC. R. 144, Pls.' Resp. Strike at 2, 5

(citing R. 144-7, Def.'s Resp. IIC). On January 31, 2022, Plaintiffs served their Final Invalidity Contentions (FIC). R. 144-4, Pls.' FIC.

Defendants have moved to strike Plaintiffs' FIC. Defs.' Mot. Strike. As of the filing of Plaintiffs' response to the motion to strike, Defendants have not served their final invalidity contentions. Pls.' Resp. Strike at 2 n.1. Plaintiffs oppose the motion and request that the Court order Defendants to serve their Final Enforceability and Validity Contentions. Pls.' Resp. Strike at 16.

## Legal Standard

"The Court has broad discretion to manage discovery matters and enforce the Local Patent Rules." *Medline Indus., Inc. v. C.R. Bard, Inc.*, 511 F. Supp. 3d 883, 888–89 (N.D. Ill. 2021) (internal quotation marks and citation omitted).[2] Because each District's Local Patent Rules are "unique to patent cases" and "are likely to directly affect the substantive patent law theories that may be presented at trial, being designed specifically to require parties to crystallize their theories of the case early

---

[2] Plaintiffs cite to non-patent cases in support of the legal standard governing motions to strike. Pls.' Resp. Strike at 2. However, as Defendants point out in reply, these cases are for striking pleadings. R. 146, Defs.' Reply Strike at 2–3. Final invalidity contentions are not pleadings. The parties have not cited, and the Court is not aware of, any in-District authority supporting the proposition that striking documents in invalidity contentions is disfavored. True, in other districts, courts have found that striking a party's invalidity contentions is an "extreme decision." *See, e.g., Virginia Innovation Scis., Inc. v. Amazon.com, Inc.*, 2020 WL 1275786, at *2 (E.D. Tex. Mar. 17, 2020) ("[S]triking invalidity contentions is an extreme decision comparable to determining whether evidence should be excluded for discovery violations. Therefore, courts are hesitant to strike contentions absent evidence of unreasonable delay and prejudice.") (internal quotation marks, alterations, and citations omitted); *Noco Co., Inc. v. SmarTech Prod., Inc.*, 2020 WL 1890696, at *5 (N.D. Ohio Apr. 16, 2020) ("Plaintiff has not demonstrated that it has been prejudiced to an extent that would warrant the rather drastic sanction of striking Defendant's invalidity contentions as to this key Claim."). However, the Court follows the standard set by other courts within this District, and finds that it has "broad discretion" to decide motions to strike a party's invalidity contentions. *Medline*, 511 F. Supp. 3d at 888–89.

4

in the litigation so as to prevent the shifting sands approach to claim construction," Federal Circuit law governs each court's interpretation of its Local Patent Rules. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (citation omitted) (internal quotation marks omitted); *see Beckman Coulter, Inc. v. Sysmex Am., Inc.*, 2019 WL 1875356, at *2 (N.D. Ill. Apr. 26, 2019) (this District's "Local Patent Rules are meant to prevent a shifting sands approach to claim construction by forcing the parties to crystallize their theories of the case early in litigation") (internal quotation marks and citations omitted).

This District's "Local Patent Rules 'do not specify the actions that the [Court] may or must take if there is non-compliance with the requirements for disclosure of contentions.'" *Medline Indus.*, 511 F. Supp. 3d at 889 (quoting *O2 Micro*, 467 F.3d at 1363). "However, the rules are essentially a series of case management orders, and under [Federal Rule of Civil Procedure] 16(f), the Court may impose any just sanction for the failure to obey a scheduling order, such as prohibiting the disobedient party from supporting or opposing designated claims or defenses . . . ." *Id.* (internal quotation marks and citations omitted).

The Local Patent Rules (LPR) state in relevant part:

> **LPR 2.3(b)** Invalidity Contentions must contain the following information to the extent then known to the party asserting invalidity: (1) an identification, with particularity, of up to twenty five (25) items of prior art per asserted patent that allegedly invalidates each asserted claim . . . . (3) a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found . . . .
>
> **LPR 3.1(b)** . . . . Final Invalidity Contentions may rely on more than twenty-five (25) prior art references only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties. For each claim

5

alleged to be invalid, the Final Unenforceability and Invalidity Contentions are limited to four (4) prior art grounds per claim and four (4) non-prior art grounds. . . . Each assertion of anticipation and each combination of references shall constitute separate grounds.

**LPR 3.3** With the Final Invalidity Contentions, the party asserting invalidity of any patent claim shall produce or make available for inspection and copying: a copy or sample of all prior art identified pursuant to LPR 3.1(b), to the extent not previously produced, that does not appear in the file history of the patents(s) at issue. . . .

**LPR 3.4** A party may amend its Final Infringement Contentions or Final Non-Infringement and Invalidity Contentions only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment. . . .

LPR 2.3(b) requires that invalidity contentions identify prior art "with particularity." *Peerless Indus., Inc. v. Crimson AV LLC*, 2015 WL 1275908, at *4 (N.D. Ill. Mar. 17, 2015) (citing LPR 2.3(b)(1)). The purpose of LPR 3.1(b) is "to streamline patent litigation by . . . limiting the number of grounds on which a claim of invalidity may be based," but the rule "does not purport to dictate or limit the proof that may be offered in support of a specific example of a claim based on a permissible ground." *Wimo Labs LLC v. Polyconcept N.A., Inc.*, 358 F. Supp. 3d 761, 766 (N.D. Ill. 2019). However, "[o]ne would not expect [a party] to actually advance, in a summary judgment motion or before a jury, hundreds, or even a hundred, or even several dozen separate bases to invalidate a patent claim." *Oil-Dri Corp. of Am. v. Nestle Purina PetCare Co.*, 2018 WL 2765952, at *2 (N.D. Ill. June 9, 2018). Possible grounds of invalidity include "indefiniteness, lack of written description, lack of enablement, unenforceability, and non-statutory subject matter under 35 U.S.C. § 101," as well as anticipation and obviousness. LPR 3.1(b). Parties may only rely on prior art

6

references that are timely disclosed in final invalidity contentions. *See* LPR 3.3; *AVNET, Inc. v. MOTIO, Inc.*, 2016 WL 3365430, at *4 (N.D. Ill. June 15, 2016).

Under LPR 3.4, to establish "good cause to amend invalidity or infringement contentions, a party must demonstrate that it acted diligently and that the accused infringer would suffer no unfair prejudice if [it] were permitted to amend." *Peerless Indus., Inc. v. Crimson AV LLC*, 2013 WL 6197096, at *5 (N.D. Ill. Nov. 27, 2013) (citing *O2 Micro*, 467 F.3d at 1366–68). "In showing diligence, the relevant inquiry is not when the party learned about the information, but when it could have made the discovery." *Sloan Valve Co. v. Zurn Indus., Inc.*, 2013 WL 622951, at *2 (N.D. Ill. Feb. 20, 2013). "[G]ood cause requires more than a showing that new information has been revealed in discovery." *Fujitsu Ltd. v. Tellabs Operations, Inc.*, 2012 WL 5444979, at *6 (N.D. Ill. Mar. 21, 2012). When the amending party fails to demonstrate diligence in moving to amend, there is "no need to consider the question of prejudice" to the nonmoving party. *O2 Micro*, 467 F.3d at 1368.

**Analysis**

Defendants advance three bases in support of their motion to strike certain portions of Plaintiffs' FIC. Defs.' Mot. Strike. First, Plaintiffs include patents that are not at issue or pled in this litigation. *Id.* at 1–2. Second, Plaintiffs' pleadings do not contain claims seeking a declaratory judgment for patent invalidity based on anticipation, obviousness, indefiniteness, inventorship and nonpatentable subject matter. *Id.* at 2–4. Third, Plaintiffs exceed the limitations set forth in the Local Patent Rules. *Id.* at 4–8. The Court addresses each argument in turn.

## I. Patents Not Pled

Plaintiffs' FIC seek to invalidate the '794 Patent and U.S. Patent Nos. 9,833,137 ('137 Patent), 10,561,312 ('312 Patent), and 10,799,108 ('108 Patent). Defs.' Mot. Strike at 1–2; Pls.' FIC at 1. Defendants argue that since the '108 patent and the '312 patent are not contained in any pleading in the present litigation, any contentions seeking to invalidate those patents should be stricken as irrelevant. *Id.* at 2. In response, Plaintiffs agreed to withdraw their allegations of invalidity with respect to the '108 and '312 patents. Pls.' Resp. Strike at 3 n.2. Accordingly, Defendants' Motion to Strike with respect to this argument is granted and the Court strikes all sections of Plaintiffs' FIC seeking to invalidate the '108 Patent and the '312 Patent.

## II. Invalidity Grounds

Defendants maintain that Plaintiffs' FIC contain arguments and grounds not contained in Plaintiffs' Amended Complaint and therefore must be stricken. Defs.' Mot. Strike at 2 (citing Am. Compl.). Defendants contend that because Plaintiffs did not allege in their Amended Complaint that either the '794 Patent or the '137 Patent (collectively, the patents in suit) is invalid for indefiniteness under 35 U.S.C. § 112, they cannot seek such relief now. Defs.' Mot. Strike at 2–3. Under 35 U.S.C § 282, "invalidity of the patent or any claim in suit for failure to comply with any requirement of section 112 . . . shall be pleaded." According to Defendants, because the Amended Complaint does not include a claim for declaratory judgment of invalidity based on indefiniteness, Plaintiffs cannot now raise it. Defs.' Mot. Strike at

8

3. In the same vein, Defendants also argue that Plaintiffs' pleadings do not contain claims seeking a declaratory judgment for patent invalidity based on anticipation, obviousness, inventorship, and nonpatentable subject matter. *Id.* at 1.

Plaintiffs respond that they sufficiently pled in the Amended Complaint invalidity grounds, including indefiniteness, by alleging: "[T]his Court should issue a declaratory judgment that the ['137 patent] is invalid and for all additional relief they are entitled . . . this Court should issue a declaratory judgment that the ['794 patent] is invalid, and for all additional relief they are entitled." Pls.' Resp. Strike at 9 (citing Am. Compl. at 14, 16). Plaintiffs point out additional allegations in the Amended Complaint supporting the other invalidity grounds included in the FIC. *Id.* at 10 (citing Am. Compl. at 13–14 (prior art invalidity grounds supported by allegations that the patented invention under both patents in suit "was already being disclosed to the public and was being marketed and sold")); *id.* (citing Am. Compl. at 13, 15 (obviousness combinations set forth in Plaintiffs' FIC rely on 2011 prior art references prepared by the inventors of the patent in suit and amended complaint pleads that an inventor is barred from "acquiring patent protection if the application is filed more than one year" after "any description of the invention by the inventor [is set forth] in a published document (i.e. a printed publication).")); *id.* at 11–13 (citing Am. Compl. at 14–16 (alleging that "Steven Nordstrom qualifies as an inventor for the [patents in suit] and was intentionally removed from the Patent Application[s]")).

In support, Plaintiffs cite *Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921 (N.D. Ill. 2010) and *O2 Micro*, 467 F.3d 1344. Pls.' Resp. Strike at 13–14. In *Pfizer*, the court

9

denied a motion to dismiss the defendant, Apotex's, invalidity counterclaims, which alleged that "the Unasserted Patents are 'invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code.'" 726 F. Supp. 2d at 937. The court found that, "[w]hile brief, those allegations are sufficient to put Pfizer on notice of what Apotex is claiming—invalidity of the Unasserted Patents—and the grounds upon which this claim rests—failure to satisfy one or more of the conditions of patentability." *Id.* at 937–38. The court reasoned that "dismissal of [the] counterclaims for failure to satisfy Rule 8(a) would undermine the Local Patent Rules, which require more detailed disclosures at a later stage." *Id.* at 938.

In *O2 Micro*, the Federal Circuit held in relevant part that "[t]he Federal Rules replaced a system in which the issues had to be conclusively defined at the outset of litigation through the pleadings, with a system that relied on discovery and pretrial hearings to gradually identify the precise issues in dispute as more information became available." 467 F.3d at 1366. The court further noted that "[i]f a local patent rule required the final identification of infringement and invalidity contentions to occur at the outset of the case, shortly after the pleadings were filed and well before the end of discovery, it might well conflict with the spirit, if not the letter, of the notice pleading and broad discovery regime created by the Federal Rules." *Id.*

In reply, Defendants argue that *Pfizer* and *O2 Micro* are distinguishable. In *Pfizer*, the counterclaim at issue—unlike the Amended Complaint in this case—actually cited to "conditions of patentability set forth in Title 35 of the United States

10

Code." R. 146, Defs.' Reply Strike at 5–6. As for *O2 Micro*, that case "involved the amendment of infringement contentions after discovery, not new grounds of invalidity not pled in the complaint." Defs.' Reply Strike at 6.

As an initial matter, Defendants cite no case law in their opening motion in support of striking the invalidity grounds contained in the FIC that it argues are not sufficiently pled in the Amended Complaint.[3] *See* Defs.' Mot. Strike. As such, Defendants have forfeited this argument. *See Vertex Refining, NV, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 374 F. Supp. 3d 754, 765 (N.D. Ill. 2019) (quoting *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996), *amended* (Mar. 28, 1996) ("[I]t is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.")).

No matter, as the Court agrees with Plaintiffs that the allegations in the Amended Complaint, while brief, provide adequate notice of grounds upon which the invalidity contentions in the FIC are based. True, unlike the counterclaim in *Pfizer*, the Amended Complaint does not explicitly reference Title 35, but the essence of the

---

[3] For the first time in reply, Defendants cite to *GemShares LLC v. Lipton*, 2018 WL 11199227, *1 (N.D. Ill. Dec. 28, 2018). In *GemShares*, the court declined to strike the defendant's final invalidity contention about unenforceability due to inequitable conduct, finding that the defendant's affirmative defense that the patent is "unenforceable under 37 C.F.R. [1.56] for lack of candor and good faith in its prosecution" to be broad enough to cover the inequitable conduct final invalidity contention. *Id.* As an aside, the court noted that "[t]he defense as pleaded is not particularized at all, and if GemShares had moved to strike it the Court likely would have granted the motion and required repleading, but GemShares made no such motion." *Id.* As such, the Court found that the invalidity contention was within the scope of the pleadings and declined to strike it. *Id.* As an initial matter, the Court generally will not consider a case asserted for the first time on reply. *See Narducci v. Moore*, 572 F.3d 313, 323 (7th Cir. 2009). But even so, the Court declines to give substantial weight to the *dicta* set forth in *GemShares*. *See Mitchell v. Doherty*, 530 F. Supp. 3d 744, 751–54 (N.D. Ill. 2021), *aff'd,* 37 F.4th 1277 (7th Cir. 2022). As noted above, it finds the reasoning set forth in *Pfizer* and *O2 Micro* to be persuasive.

11

relevant allegations is the same. Am. Compl. at 14, 16 ("This Court should issue a declaratory judgment that the ['137 and '794 patents] [are] invalid and for all additional relief they are entitled."). The Court therefore finds the reasoning in *Pfizer* applicable and persuasive. The Court also agrees with Plaintiffs that *O2 Micro*'s reasoning—that a party need not conclusively define the issues at the outset of the case, given the system that "relies on discovery and pretrial hearings to gradually identify the precise issues in dispute as more information became available"—applies, even though the case addressed the amendment of infringement contentions after discovery rather than new grounds of invalidity not pled in the Amended Complaint. 467 F.3d at 1366.

Along those lines, Plaintiffs argue that Defendants substantively responded to Plaintiffs' invalidity challenges "based on anticipation, obviousness, indefiniteness, inventorship and non-patentable subject matter" in their initial validity contentions served in June 2021. Pls.' Resp. Strike at 1; Pls.' IIC. Plaintiffs posit that Defendants will not suffer any prejudice if the contested invalidity claims in their FIC are allowed to stand. Pls.' Resp. Strike at 2. Defendants had the opportunity to review and respond to Plaintiffs' IIC and FIC. *Id.* at 1. Plaintiffs also point out that the discovery schedule agreed to by Defendants and entered by the Court includes dates to exchange claim construction materials and conduct a claim construction hearing. *Id.* at 13. Plaintiffs reason that, if Plaintiffs' invalidity grounds were not sufficiently pled, there would be no reason to set deadlines related to claim construction, since indefiniteness—alleged in Plaintiffs' FIC—is "inextricably intertwined with claim

12

construction." *Id.* at 13 (citing *Cox Commc'ns, Inc. v. Sprint Commc'n Co. LP*, 838 F.3d 1224, 1232 (Fed. Cir. 2016)). Accordingly, Plaintiffs argue that Defendants should have raised the argument about Plaintiffs' failure to plead indefiniteness (and other invalidity grounds) at the motion to dismiss stage, not four years into the case and one month before discovery close (discovery has since closed). *Id.* at 13. "The purpose of § 282, like that of the Federal Rules, is to prevent unfair and prejudicial surprise . . . ." *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed. Cir. 1998). According to Plaintiffs, Defendants have not, and cannot, show "unfair and prejudicial surprise." Pls.' Resp. Strike at 11.

Defendants do not address Plaintiffs' arguments as to prejudice in their Reply, and therefore have waived any response. *see Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). No matter, as the Court agrees with Plaintiffs. Defendants responded to Plaintiffs' IIC, which substantively included the same invalidity contentions with which Defendants now take issue. The purpose of the Local Patent Rules is to require parties to crystallize their theories of the case early in the litigation to prevent a "shifting sands" approach to claim construction. *O2 Micro*, 467 F.3d at 1364; *Medline Indus.*, 511 F. Supp. 3d at 888–89. Plaintiffs have done so, and the Court agrees with Plaintiffs that Defendants suffer no prejudice from the inclusion of the specific invalidity grounds in Plaintiffs' FIC.

Finally, the Court briefly addresses Defendants' argument that Plaintiffs' Amended Complaint makes clear that Plaintiffs are relying only on Defendants' 2010 activities and thus Plaintiffs may only argue the 2010 references in their FIC. Defs.'

13

Mot. Strike at 3. The Court finds this argument to be underdeveloped, and the Court will not do Defendants' work for them. *See Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) ("[I]t is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver.") (internal citations omitted). Moreover, the Court agrees with Plaintiffs that Defendants' efforts to improperly narrow Plaintiffs' invalidity claims to only "Defendants' 2010 activities" contradicts Defendants' prior submissions and ignores Plaintiffs' explicit invalidity allegations in their Amended Complaint, controlling case law, and this District's Local Patent Rules requiring detailed invalidity disclosures at a later stage of the litigation. Pls.' Resp. Strike at 9 (citing Am. Compl.). The Court agrees with Plaintiffs that the allegations in the Amended Complaint cover all the asserted invalidity contentions beyond the 2010 activities. This is further supported by the Local Patent Rules, which require more specific allegations relating to invalidity to be included in the initial and final invalidity contentions, as Plaintiffs have done here. *See Medline Indus.*, 511 F. Supp. 3d at 888–89.

For the foregoing reasons, the Court finds that Plaintiffs' Amended Complaint adequately pled the invalidity grounds contained in their FIC.

### III. Compliance with Local Patent Rules

Defendants next argue that Plaintiffs' FIC do not comply with LPR 3.1(b). Defs.' Mot. Strike at 4–5. Defendants contend that Plaintiffs repeatedly improperly

14

reserved the right to supplement and amend the Invalidity Contentions and add additional prior art, all of which violate LPR 3.4. *Id.* at 7.

Plaintiffs retort that they complied with the limitations set forth in LPR 3.1(b). Pls.' Resp. Strike at 4. In support, Plaintiffs cite to their FIC and point to their elected combination of references. Pls.' FIC at 5–6. Plaintiffs also argue that LPR 3.4 permits a party to amend its final contentions "by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment." Plaintiffs insist that "[their] reservation of rights in their FICs, which is common practice in patent cases, is (by definition) *not* an 'amendment' to their invalidity contentions and, in any event, is permissible under this district's Local Patent Rules." Pls.' Resp. Strike at 9.

Under LPR 3.1(b), the Final Unenforceability and Invalidity Contentions are limited to four (4) prior art grounds per claim and four (4) non-prior art grounds. LPR 3.1(b). Here, Plaintiffs have identified in their FIC the specific combination of prior art references that make up each prior art ground for a total of four prior art grounds per claim in accordance with LPR 3.1(b). Further, as the court in *Wimo Labs* explained, the point of LPR 3.1(b) is to streamline patent litigation. 358 F. Supp. 3d at 762, 765. Discovery has ended and the question of whether or how the case should be further streamlined is a matter for the Court to decide. The Court construes NCI's reservation-of-rights language in the FIC not as an attempt to circumvent LPR 3.1(b)'s cap on the number of prior art references, but as a reminder that it may seek leave to amend for good cause under LPR 3.4. *See Kove IO, Inc. v. Amazon Web Servs.,*

15

*Inc.*, 2021 WL 4515480, at *5 (N.D. Ill. Sept. 17, 2021). With that understanding, there is no need to strike this language from the FIC.

The Court has broad discretion to manage discovery matters and enforce the Local Patent Rules. Defendants, as the movants, bear the burden of establishing why the Court should strike the invalidity contentions. Defendants have failed to carry that burden. Accordingly, the motion to strike based on the Local Patent Rules is denied.

## Conclusion

For the foregoing reasons, Defendants' Motion to Strike [142] is granted in part and denied in part. Defendants' Motion to Strike is granted with respect to the inclusion of patents in Plaintiffs' Final Invalidity Contentions that are not at issue or pled in this litigation. Defendants' Motion to Strike is denied in all other respects. The Court orders Defendants to serve their Final Enforceability and Validity Contentions pursuant to LPR 3.2 by December 2, 2022.

Dated: November 4, 2022

_____
United States District Judge
Franklin U. Valderrama