IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS EASTERN
DIVISION

| | |
|---|---|
| NORDSTROM CONSULTING, INC.; STEVEN NORDSTROM,<br><br>    Plaintiffs,<br><br>    v.<br><br>INNOVA SYSTEMS, INC.; an Illinois Corporation; CHERYL NORDSTROM, individually,<br><br>    Defendants. | Case No. 1:18-cv-03011<br><br>Honorable Franklin U. Valderrama<br>Magistrate Judge Jeffrey Cole |

**PLAINTIFFS' JMOL MOTION TO DISMISS DEFENDANTS' CLAIMS**

Plaintiffs' submit this written brief in support of their oral motion pursuant to Federal Rule of Civil Procedure 50(a). Plaintiffs' move this Court to enter judgment as a matter of law disposing of (1) Defendants' Trade Secret Act claim against Plaintiffs'; (2) Defendants' trademark infringement claim against Plaintiffs'; (3) Defendants' DMCA claim against Plaintiffs'; (4) Defendants' tradename infringement claim against Plaintiffs'; and (5) Defendants' common law trademark infringement claim. Plaintiffs intend to renew this motion if it is not granted.

**I.    LEGAL STANDARD**

Federal Rule of Civil Procedure 50(a) provides that if a "party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim" that, "under the controlling law, can be maintained or defeated only with a favorable finding on that issue." FED. R. CIV. P. 50(a)(1). "The standard for granting judgment as a matter of law mirrors

1

the standard for granting summary judgment." *Beverly v. Abbott Labs.*, 107 F.4th 737, 748 (7th Cir. 2024).

II.     ARGUMENT

       a. **The Trade Secret Act Claim Against Plaintiffs Fails as a Matter of Law**

First, Defendants failed to identify any specific trade secret through testimony or documentary evidence. A plaintiff must do more than identify a general category of technology and ask the Court to locate protectable information within it. *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 584 (7th Cir. 2002). Rather, the claimant must identify "concrete secrets." *GlobalTap LLC v. Elkay Mfg. Co.*, No. 13 C 632, 2015 WL 94235, at *5 (N.D. Ill. Jan. 5, 2015).

Second, Defendants failed to prove that any alleged information was sufficiently secret to derive independent economic value from not being generally known or readily ascertainable by others who could obtain economic value from its disclosure or use.

Third, Defendants failed to prove that they undertook reasonable efforts under the circumstances to maintain the secrecy or confidentiality of the information.

Finally, the evidence presented by Defendants showed, at most, even assuming their allegations are true under their own theory, that Mr. Nordstrom in May 2013 (as an Innova employee) accessed information to which he was authorized, both explicity and implicitly. Mr. Steven Nordstrom was intimately familiar with all aspects of Innova's business having formed the company with Cheryl and worked there several years.

In the absence of proof identifying a specific, protectable trade secret, measures taken to safeguard it, or misuse by Plaintiffs, Defendants' trade secret claim fails as a matter of law.

**b. Defendants' have failed to prove their claims of: (1) trademark infringement, (2) tradename infringement, and (3) common law trademark infringement against Plaintiffs.**

Defendants likewise failed to present legally sufficient evidence to sustain their trademark infringement claim.

To prevail, Defendants were required first to establish ownership of a protectable mark. *Vision Ctr. Nw., Inc. v. Vision Value, LLC*, 673 F. Supp. 679, 683–84 (N.D. Ind. 2009). Defendants failed to do so through testimony or documentary evidence.

They further failed to establish that the alleged mark is inherently distinctive. Suggestive, arbitrary, or fanciful marks may qualify for protection without proof of secondary meaning, but no such showing was made. *Id.*

Nor did Defendants prove secondary meaning. Where a mark is descriptive, secondary meaning is required for protection, and Defendants presented no testimony or documentary evidence establishing that consumers associate the alleged mark with a single source. *Id.*

Finally, Defendants failed to prove likelihood of confusion — an essential element of infringement. *Id.* at 684. The Seventh Circuit evaluates likelihood of confusion using factors including:

1. Similarity of the marks
2. Similarity of the products
3. Area and manner of concurrent use
4. Degree of consumer care
5. Strength of the mark
6. Evidence of actual confusion
7. Defendant's intent

*ARNA Corp. v. P&G*, 747 F. Supp. 2d 1008, 1016 (N.D. Ill. 2010). Defendants presented no legally sufficient evidence addressing these factors. The RCCT term is generic and was simply used to describe Plaintiffs' product. No survey evidence was submitted by Defendants on secondary menaing or likelihood of confusion, no actual confusion evidnce was submitted, and no sales and marketing expenditiures sufficient to create anny trademark, trade name or common law trademark claims.

### c. The DMCA Claim Against Plaintiffs Fails as a Matter of Law

Similarly, Defendants have failed to present legally sufficient evidence to sustain their DMCA claim, missing several key elements of proof, including false copyright management information or intent.

### III. CONCLUSION

No reasonable jury could return a verdict in Defendants' favor on any of these counts asserted. Plaintiffs' respectfully request that this Court enter judgment as a matter of law in favor of Plaintiffs' on all counts.

Respectfully submitted,

Dated: February 5, 2026

*/s/ Raymond P. Niro, Jr.*
Raymond P. Niro, Jr.
RAYMOND P. NIRO LAW, LLC
155 North Wacker Drive, Suite 4250
Chicago, IL 60606
(312) 803-3682
RPN@nirolawfirm.com

*Attorney for Plaintiffs,*
Nordstrom Consulting, Inc. and
Steven Nordstrom

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 5, 2026, the foregoing

**P LAINTIFFS' JMOL MOTION TO DISMISS DEFENDANTS' CLAIMS**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

                                                                      /s/ Raymond P. Niro, Jr.
                                                                      *Attorney for Plaintiffs,*
                                                                      RAYMOND P. NIRO LAW, LLC